JANET M. HEROLD, Regional Solicitor
SUSAN SELETSKY, FLSA Counsel
NORMAN E. GARCIA, Senior Trial Attorney
California State Bar Number 215626
United States Department of Labor
Office of the Solicitor
90 Seventh Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7747
Facsimile: (415) 625-7772
E-mail: garcia.norman@dol.gov

Attorneys for Petitioner, Thomas E. Perez, Secretary
United States Department of Labor

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>    Petitioner,<br><br>    v.<br><br>ELITE MOVING AND STORAGE, INC., a corporation, dba ELITE MOVING AND STORAGE<br><br>    Respondent. | Case No.:<br><br>**SECRETARY'S PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA *DUCES TECUM* ISSUED BY THE WAGE AND HOUR DIVISION OF THE UNITED STATES DEPARTMENT OF LABOR**<br><br>Hearing Date:<br>Time:<br>Courtroom: |

Thomas E. Perez, Secretary of Labor, United States Department of Labor (the "Secretary"),

brings this Petition against Elite Moving and Storage, Inc. along with the following supporting

documents: (1) Memorandum of Points and Authorities in Support of Secretary's Petition to Enforce

Administrative Subpoena *Duces Tecum*; (2) Declaration of Regional Administrator Ruben Rosalez; and

(3) Declaration of Assistant District Director Richard Quezada. The Secretary concurrently lodges with

the Court a Proposed Order to Show Cause. In support of his Petition, the Secretary alleges as follows:

**JURISDICTION AND VENUE**

1.      This Petition is brought to compel Respondent to comply with the administrative subpoena *duces tecum* (the "Subpoena") served on it on June 5, 2015, by the United States Department of Labor, Wage and Hour Division ("Wage and Hour").  The Subpoena was issued in the course of a Department of Labor investigation of Respondent conducted pursuant to the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201 *et seq*.  The Secretary's representatives attempted to obtain the documents requested by the Subpoena without resort to judicial enforcement.  Respondent, however, failed to produce any documents responsive to the Subpoena, resulting in the need for this Petition.

2.      This Court has subject matter jurisdiction over this Petition pursuant to Section 9 of the Federal Trade Commission Act, 15 U.S.C. § 49, as made applicable by Section 9 of the FLSA, 29 U.S.C. § 209.

3.      Upon information and belief, Respondent's place of business is, and at all times material to this Petition has been, in Clark County within the jurisdiction of this Court.

4.      Venue lies in the Southern Division of the District of Nevada as Respondent has conducted business in this judicial division.

**WAGE AND HOUR'S INVESTIGATION AND SUBPOENA**

5.      On or about May 19, 2015, Wage and Hour initiated an investigation of Respondent for potential violations of the FLSA.  Declaration of Regional Administrator Ruben Rosalez ("Rosalez Decl.") ¶ 4.

6.      On or about May 27, 2015, Wage and Hour informally requested that Respondent make available time and payroll records (from June 2012 to June 2015) and other documents (annual volume of sales, employee information, independent contractor information, employer information [legal name, tax identification number, incorporation information], etc.) on June 11, 2015, at the Wage and Hour Office.  Declaration of Assistant District Director Richard Quezada ("Quezada Decl.") ¶ 4, Exh. A.  Respondent, through its counsel, refused to informally provide the documents requested.  *Id*.

7.      On or about June 5, 2015, Wage and Hour issued and served the Subpoena on

Respondent's counsel.  Rosalez Decl. ¶ 5, Exh. B; Quezada Decl. ¶ 5.  The Subpoena was issued in the course of Wage and Hour's investigation into Respondent pursuant to Section 11(a) of the FLSA.  Rosalez Decl. ¶ 5.

8.      The records, papers, and documents required to be produced as set forth in the Subpoena are relevant and material to Wage and Hour's investigation of whether any person has violated or is about to violate any provision of the FLSA.  Rosalez Decl. ¶ 6.  The Subpoena, and Respondent's failure to comply with it as discussed below, form the basis for this Petition.

### RESPONDENT'S FAILURE TO COMPLY WITH THE SUBPOENA

9.      The Subpoena required Respondent to produce the responsive documents by June 22, 2015.  Rosalez Decl. ¶ 7, Exh. B.

10.      On or about June 17, 2015, Jonathan Hansen, counsel for Respondent, notified Wage and Hour that Respondent objected to the Subpoena on the grounds that it was "unduly burdensome, not limited in scope, and otherwise improper."  Quezada Decl. ¶ 7, Exh. C.  Mr. Hansen further notified Wage and Hour that Respondent would seek judicial review before it provided any documents.  *Id.*

11.      On or about June 17, 2015, Respondent filed a Complaint for Declaratory Relief in this Court against the Secretary and his representatives seeking judicial review of the Subpoena.  *Elite Moving & Storage, Inc. v. Quezada, et al*, case no. 15-cv-1152-JAD VCT.

12.      In an effort to resolve this matter without further court intervention, on or about June 24, 2015, Wage and Hour sent Respondent's counsel a certified letter requesting that Respondent produce the documents requested in the Subpoena within 72 hours.  Quezada Decl. ¶ 8, Exh. D.  This letter further advised Respondent's counsel that if Respondent failed to comply, the file would be forwarded to the Department of Labor's Office of the Solicitor to initiate legal action.  *Id.*

13.      As of the date of this filing, Respondent has failed to produce any documents responsive to the Subpoena.  Rosalez Decl. ¶ 8; Quezada Decl. ¶ 9.

14.      Respondent's failure to provide the documents is impeding Wage and Hour's ability to conduct a proper and timely investigation into possible violations of the FLSA.  Rosalez Decl. ¶ 9; Quezada Decl. ¶ 10.

**PRAYER FOR RELIEF**

WHEREFORE, the Secretary prays:

a.     that this Court enter an order requiring Respondent to appear on a date certain to show cause, if there be any, why Respondent should not appear before the designated representatives of Wage and Hour, at such reasonable time and place as the Secretary or the Court may set, then and there to produce the records requested by the Subpoena;

b.     that this Court enter an order tolling the running of the applicable statute of limitations from May 27, 2015, the date the documents were informally requested, until such time as the Secretary notifies this Court that Respondent has complied with the Subpoena; and

c.     for such other and further relief as may be necessary and appropriate.

A proposed Order to Show Cause is filed concurrently herewith.

Respectfully submitted,

DATED:  August 17, 2015

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

SUSAN SELETSKY
FLSA Counsel

   /s/ Norman E. Garcia
NORMAN E. GARCIA
Senior Trial Attorney

Attorneys for the Secretary of Labor,
United States Department of Labor.